DRUMMOND *v.* MATTHEWS.

(*City Court of New York, General Term.* December 17, 1891.)

JUDGMENT—OPENING DEFAULT—LACHES OF DEFENDANT.
  Action was begun against defendant November 3, 1883, judgment recovered by default September 30, 1885, and execution issued April 3, 1886, and returned unsatis-

fied. Nothing was done by defendant until April 16, 1891, when he moved to open the default; he having in the meanwhile inherited means wherewith to pay the judgment. *Held*, that the motion was properly denied on account of defendant's laches and indifference.

Appeal from special term.

Action by Thomas Drummond against James Brander Matthews. From an order denying a motion to open a default, defendant appeals. Affirmed.

Argued before VAN WYCK, FITZSIMONS, and MCCARTHY, JJ.

*Abbott Bros.*, for appellant.   *Lincoln W. McLeod*, for respondent.

FITZSIMONS, J.   This action is based upon an award. It was commenced November 3, 1883; defendant appearing by attorney, who was served with complaint. No answer was served, and judgment was entered September 30, 1885, and execution issued April 3, 1886, for $1,365.45. No further action was taken by defendant until April 16, 1891, when he applied, through his attorney, for an order to open his default, and to set aside and vacate the judgment, and to permit him to appear and answer. This application was denied, and from the order entered thereon this appeal is taken. The order appealed from is a discretionary one, and should be affirmed, unless it appears that the special term justice acted arbitrarily. I have carefully read the papers submitted on appeal, together with appellant's brief. They show the utmost indifference and carelessness on defendant's part concerning this judgment. He was without means until his father's death, a short time ago, when he received a large portion of his father's estate, and is now able to pay this judgment. The execution issued by plaintiff in 1886 was returned unsatisfied; and no further proceedings were taken by plaintiff, for the reason that defendant was penniless until April, 1891, when, learning that defendant was able to pay his claim, he procured an order for his examination in supplementary proceedings. Then, for the first time, defendant questioned this judgment, displayed some interest concerning it, and intimated that he had a defense thereto. It appears to me that the lively interest now exhibited by him is due to the fact that the judgment against him is now collectible, and not because he has a meritorious defense. But, whether this be so or not, I agree with the special term justice in the order made by him. The defendant should not be allowed now to set aside the judgment entered, or to question the same, or to answer herein. His laches and apparent indifference to the proceedings taken against him are so gross that to grant his application would simply be an inducement and encouragement to litigants to be careless in legal proceedings taken against them. Such, I think, is not the purpose or policy of the law. They should, at least, be reasonably diligent in the protection of their rights. The order appealed from is just and right, and is affirmed, with costs. All concur.